UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN HYDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-4179 |
| | § | |
| WARDEN PEREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Calvin Hyder, an inmate incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a prisoner civil rights complaint. Hyder has not paid the filing fee. This action will be dismissed pursuant to the provisions of 28 U.S.C. § 1915(g).

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals which was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Hyder accumulated at least seven such dismissals before filing the pending complaint and is no longer allowed to proceed *in forma pauperis* pursuant to the provisions of section 1915(g). *See Hyder v. U.S. Attorney*, No. 99-10703 (5th Cir. July 16, 1999); *Hyder v. Quarterman*, No. 3:06-cv-1588 (N.D. Tex. Oct. 17, 2006); *Hyder v. U.S. Attorney Gen'l*, No. 2:01-mc-005 (N.D. Tex. June 27, 2002); *Hyder v. U.S. Attorney Gen'l*, No. 2:01-mc-14 (N.D. Tex. May 9, 2002); *Hyder v. U.S. Attorney*, No. 4:99-cv-1211 (S.D. Tex. May 20, 1999); *Hyder v. Figueroa*, No. 4:97-cv-3734 (S.D. Tex. June 8, 1998); *Hyder v. Davis*, No. 2:95-cv-609 (S.D. Tex. July 8, 1996). Hyder makes conclusory allegations that "the

Defendants will murder him or cause him serious bodily injury," but does not plead any facts showing that he is in any immediate danger which would warrant waiver of the fee requirement. *See Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

In light of the pleadings and his litigation history, Hyder has failed to show that he is eligible to proceed as a pauper and has also failed to assert a claim that has any legal basis. Consequently, this action should be dismissed pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e). This dismissal shall count as a strike under section 1915(g).

The court ORDERS that the Prisoner Civil Rights Complaint (Docket Entry No. 1), filed by TDCJ-CID Inmate Calvin Hyder, TDCJ-CID No. 00458495, is DISMISSED. 28 U.S.C. § 1915(g); 28 U.S.C. § 1915(e).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159, and to the three strikes coordinator for this district, Three_Strikes@txs.uscourts.gov.

It is so ORDERED.

SIGNED on this 5th day of November, 2018.

Kenneth M. Hoyt
United States District Judge